**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EVA NINETH MEJIA RAMIREZ DE
SANCHEZ; KATHERINE SANCHEZ
MEJIA; GABRIELA GUADALUPE
SANCHEZ MEJIA,

No. 22-1650

Agency Nos.
A212-901-324
A212-901-325
A212-901-328

Petitioners,

v.

MEMORANDUM*

MERRICK B. GARLAND, Attorney
General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 13, 2023**
Pasadena, California

Before: WALLACH,*** CHRISTEN, and OWENS, Circuit Judges.

Eva Nineth Mejia Ramirez De Sanchez and her two minor daughters, natives

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Evan J. Wallach, United States Senior Circuit Judge
for the Federal Circuit, sitting by designation.

and citizens of Guatemala, petition for review of the Board of Immigration Appeals' (BIA) order dismissing their appeal of an immigration judge's order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We "review legal conclusions *de novo*" and "review for substantial evidence factual findings underlying the BIA's determination that a petitioner is not eligible for asylum, withholding of removal, or CAT relief." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We assume the parties' familiarity with the facts and recite them only as necessary. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.

Substantial evidence supports the BIA's denial of asylum and withholding of removal based on Mejia Ramirez De Sanchez's failure to establish her family's membership in her first proposed particular social group (PSG)—Guatemalan family fleeing gang violence and extortion for refusing to pay rent money—because she did not know whether her extortionists were gang members. *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) ("An asylum or withholding applicant's burden includes . . . demonstrating . . . his membership in [the proposed] particular social group . . . ." (citation and internal quotation marks omitted)). Substantial evidence also supports the BIA's conclusion that Mejia Ramirez De Sanchez's second proposed PSG—Guatemalan witness of a crime fleeing gang threats for being a potential witness in court against said gang

members—lacks particularity because it "is not 'discrete' and lacks 'definable boundaries.'" *Aguilar-Osorio v. Garland*, 991 F.3d 997, 999 (9th Cir. 2021) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 239 (BIA 2014)) (affirming agency's conclusion that a proposed group of "witnesses who . . . could testify against gang members based upon what they witnessed" was not cognizable (omission in original)).

Finally, substantial evidence supports the BIA's denial of CAT relief because Mejia Ramirez De Sanchez did not show the involvement or acquiescence of Guatemalan public officials in the harm she suffered or may suffer in the future. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." (citing *Garcia–Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2013))).

**PETITION DENIED.**